Daniels, Fine, Israel, Schonbuch & Lebovits, LLP
Scott A. Brooks (SBN 160115)
*brooks@dfis-law.com*
1801 Century Park East, Ninth Floor
Los Angeles, California 90067
Telephone (310) 556-7900
Facsimile (310) 556-2807

Attorneys For Defendants ARBON EQUIPMENT CORPORATION and RITE HITE HOLDING CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES and the STATE OF CALIFORNIA ex rel. MARK. J. BROOKS,<br><br>Plaintiffs,<br><br>vs.<br><br>ARBON EQUIPMENT CORPORATION, RITE HITE HOLDING CORPORATION, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV11-8152 GW (VBKx)<br>[Judge: Hon. George H. Wu]<br><br>**[PROPOSED] PROTECTIVE ORDER RE PRODUCTION OF CONFIDENTIAL INFORMATION** |

WHEREFORE, in light of the substantial volume of materials and information at issue and that many of these materials and information are of the type deserving of protection, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, Relator and Defendants (collectively, "the Parties"), by and through their respective counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, HEREBY STIPULATE, AGREE, AND JOINTLY REQUEST, that a protective order should be entered according to the following terms and provisions:

1

1. This Stipulation and Protective Order shall govern documents, materials, depositions or other testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, and other information (all such materials and information shall be referred to as "Information") produced by the Parties in connection with this case.

2. Any Information that a party believes in good faith contains or comprises any confidential, proprietary, commercially sensitive or trade secret information ("Confidential Information") produced by a party to this litigation ("the Producing Party") may be designated by the Producing Party as "Confidential" by marking or designating the information in the manner provided in paragraph 3 of this Stipulated Protective Order. Failure of counsel to designate Information as Confidential shall not be deemed a waiver of confidentiality, however.

3. Any Confidential Information shall be designated "Confidential" by the Producing Party by so identifying the material with the appropriate legend. Any Producing Party producing Confidential Information during or in connection with a deposition shall, on the record of the deposition, designate all or portions thereof as "Confidential" under the terms of this Stipulation and Protective Order prior to or during the deposition. Within ten days after receipt of the deposition transcript, the Producing Party will mark the portions of the deposition transcript as "Confidential" in accordance with the designations made before or during the deposition and shall provide a copy of the deposition transcript to all counsel. Only those portions of the transcript of the deposition designated "Confidential" shall be so treated, except that all copies of deposition transcripts that contain designated Information shall be prominently marked "Confidential" on the cover, and when filed with the Court, in whole or in part, shall be filed under

seal. For convenience, if a deposition transcript contains repeated references to Confidential Information which cannot be conveniently segregated from non-confidential information, any party may request that the entire transcript be designated "Confidential".

4. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant documents numbers or other identification within thirty days after receiving such documents or discovery materials. Any party may voluntarily disclose to others without restriction any information designated by that party as confidential, although a document will lose its confidential status if it is made public by the party who originally designated the information as "Confidential."

5. Absent a specific order by this Court, and except as provided below, once Information has been designated as "Confidential," it may be used solely in connection with the following action: *United States ex rel. Brooks v. Arbon Equipment Corp., et al.*, United States District Court, Central District of California, Case No. CV11-8152 GW(VBKx), and shall not be used for any business, proprietary or commercial purpose. Any Confidential Information that is produced shall be produced only to counsel of record for the parties in this litigation. Counsel for any party who obtains any Confidential Information from any other party shall protect it and its contents from disclosure to anyone save the persons designated in this paragraph. Confidential Information shall not be used or disclosed directly or indirectly by the party receiving such Confidential Information to persons other than:

(a) The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing, trial, or

deposition in this action, and any special master or mediator appointed by the court or agreed-to by the parties;

(b) Counsel of record for any party to this action, as well as regular employees of such counsel, and outside copy services, used to assist in the defense or prosecution of this litigation;

(c) Experts and consultants consulted or retained by any party or counsel of record for any party to assist in the defense or prosecution of this litigation;

(d) Any individual party;

(e) Counsel for the United States Government and the State of California, as well as regular employees of such counsel; and

(f) Any employee, former employee, agent or independent contractor of any party who is requested by counsel to assist in the defense or prosecution of this litigation, provided, however, that disclosure of the Confidential Information to said individual is made only to the extent necessary for the employee, former employee, agent or independent contractor to perform such assistance.

Should either party wish to share Confidential Information with any potential witness who is not included in parts (a) through (e), above, the parties agree to meet and confer in good faith to file a Supplemental Stipulation and [Proposed] Protective Order Regarding Confidentiality Agreement that would include any such potential witness.

Any party that seeks to make disclosure of Confidential Information permitted under this Order to a person listed in subparagraphs 5(c) or 5(e) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as

Exhibit A. All such undertakings shall be retained by counsel for the party who discloses Confidential Information in this way.

6. Before any such Confidential Information, or substance or summary thereof, shall be disclosed to experts or consultants retained by the Parties, the Parties shall tender a copy of this Stipulation and Protective Order to each such expert or consultant in order that each such entity or person to whom such disclosure of Confidential Information is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon the Parties and their counsel. In addition, those experts and/or consultants shall sign and abide by the terms of the declaration attached as Exhibit A. Those experts and consultants shall not give, show or otherwise divulge any of the Confidential Information to any entity or person except as specifically provided for by this Stipulation and Protective Order.

7. Subject to the terms of paragraph 5 above, discovering counsel may show Confidential Information to a witness at a deposition and examine that witness concerning the same. Examining counsel may, in the course of the deposition inquire as to whether the witness agrees to be bound by the terms of this Protective Order. If the witness does not so agree, then neither the witness nor his counsel, if any, may retain or be given any copy of the Confidential Information including, but not limited to, a copy of any pages of the transcript of the deposition that are designated "Confidential." In the event of such refusal by the witness, the reporter shall be instructed to give the witness written notice when the transcript has been prepared, stating that the witness may inspect the transcript and its exhibits in the reporter's office, and that if the original deposition transcript is not signed within thirty

1  (30) days after the date of the notice, it will be used as if it had been signed.
2  The witness shall not be furnished with a copy of portions of the deposition
3  transcript or exhibits that have been designated as "Confidential." If the
4  witness does not sign the original deposition transcript within thirty days
5  after the date of the written notice described in this paragraph, the
6  deposition transcript may be used as if it had been signed.

7      8.    Any Confidential Information that is filed with or submitted to
8  the Court shall be filed under seal. If any Confidential Information is
9  submitted to the Court under seal, the party submitting the Confidential
10 Information shall file a copy of the pleading containing the Confidential
11 Information in redacted form. Civil Local Rule 79-5 sets forth the
12 procedures that must be followed and reflects the standards that will be
13 applied when a party seeks permission from the court to file material under
14 seal. The Producing Party shall cooperate in good faith with the Discovering
15 Party in performing such acts and supplying such information as is
16 necessary to file Confidential Information under seal and obtain an order
17 permitting filing under seal.

18     9.    Nothing contained herein shall prevent any party from using
19 Confidential Information in connection with any trial, hearing, or other
20 public proceeding in this matter, such as displaying as evidence on a board
21 or by electronic means such as a Power Point presentation. To the extent a
22 party intends to utilize information covered by this order in such a manner,
23 the party will provide counsel for the Producing Party at least seven business
24 days advance written notice. The Producing Party shall then have an
25 opportunity to seek to exclude the public from the hearing by promptly filing
26 a motion with the Court. The filing of such a motion shall not extend any
27 briefing schedules for motions that utilize any documents covered by this
28

order unless stipulated to by the parties. Once the Producing Party has filed such a motion, the party seeking to use the information shall be prohibited from using the Confidential Information in a public proceeding without an order of the Court or the written consent of counsel for the Producing Party. The Producing Party shall proceed in good faith to obtain a ruling on any such motion in a timely manner so as to permit the use of any documents covered by this order in the hearing and determination of any motions.

10. Any party may object to the designation of particular documents or other materials as "Confidential" by giving written notice to the party making the designation and to all other parties. Such notice shall identify with reasonable specificity the documents or other materials to which the objection is directed and the basis for the objection. The parties shall attempt to resolve any such dispute by meeting and conferring in good faith. In the event the dispute cannot be resolved by the Parties, it shall be the obligation of the Producing Party to file an appropriate motion requesting a ruling by the Court that the disputed documents or other materials be designated "Confidential." Such motion must be filed within 30 days of the culmination of the Parties' attempts to resolve the dispute. The disputed documents or other materials shall be treated as "Confidential" pending a ruling from the Court. Should the Producing Party fail to file a motion within the 30-day deadline, the information at issue will be deemed NOT to have Confidential status.

11. Entering into this Stipulation and Protective Order and/or Producing or receiving materials or otherwise complying with the terms of this Stipulation and Protective Order shall not:

    A.    Prejudice the rights of either Party to raise any objection to any request for discovery;

B.    Prejudice the rights of either Party to object to authenticity or admissibility of any document, testimony or evidence subject to this Stipulation and Protective Order;

C.    Prejudice the right of either Party to seek this Court's determination whether particular information should be produced or should be subject to the terms of this Stipulation and Protective Order;

D.    Prejudice the rights of either Party to apply to this Court for a further protective order relating to any Information; or

E.    Prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Information and to seek Court approval for such modification, if necessary.

12.    This Stipulation and Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

13.    The provisions of this Stipulation and Protective Order shall, absent written permission of the Producing Party or further order of this Court, continue to apply after the conclusion of this action, including without any limitation any appeals therefrom.

14.    Within 45 days after termination of this litigation, including any appeals therefrom, the originals and all copies of Information designated as "Confidential" shall, at the direction of the Producing Party, be destroyed or turned over to the Producing Party. Any party instructed to destroy documents will certify in writing to the Producing Party that the documents have been destroyed.

[PROPOSED] PROTECTIVE ORDER RE
PRODUCTION OF CONFIDENTIAL INFORMATION    CV11-8152 GW (VBKx)

15. This Stipulation shall, subject to Court approval, be binding upon the Parties upon their signature hereto and by signing hereto each Party agrees to comply with the terms of this Stipulation and to be bound thereby. In the event that the Court does not enter into the Proposed Protective Order based upon this Stipulation, the parties shall in good faith negotiate any terms which the Court finds objectionable.

16. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

APPROVED AND SO ORDERED:

DATED: February 6, 2014

By  VICTOR B. KENOTN

UNITED STATES ~~DISTRICT~~ JUDGE
                    MAGISTRATE

# EXHIBIT A

# DECLARATION REGARDING CONFIDENTIALITY

I, _____, declare:

1. I reside at _____.

2. I have read the Stipulation and Protective Order dated November _____, 2013, entered in the litigation between Relator Mark J. Brooks and Defendants Arbon Equipment Company and Rite Hite Holding Corporation (collectively, "the Parties"), *United States ex rel. Brooks v. Arbon Equipment Corp., et al.,* United States District Court, Central District of California, Case No. CV11-8152 GW(VBKx), ("Protective Order").

3. I am familiar with the contents of the Protective Order and agree to comply and be bound by the provisions thereof.

4. I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Protective Order, any information obtained pursuant to the Protective Order.

5. By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Central District of California as the sole and exclusive venue for resolving any and all disputes regarding the Protective Order and this Declaration Regarding Confidentiality.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on at _____ at _____.

_____
(SIGNATURE)

[PROPOSED] PROTECTIVE ORDER RE
PRODUCTION OF CONFIDENTIAL INFORMATION                    CV11-8152 GW (VBKx)

# PROOF OF SERVICE

State of California       )
County of Los Angeles  )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1801 Century Park East, Ninth Floor, Los Angeles, California 90067. On January 17, 2014, I served the within document(s):

**[PROPOSED] PROTECTIVE ORDER RE PRODUCTION OF CONFIDENTIAL INFORMATION**

by placing a true copy thereof in sealed envelopes as stated on the attached mailing list.

[xx]  **BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice a true copy would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[xx]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 17, 2014, at Los Angeles, California.

_____
Christine E. Tucker

## SERVICE LIST

Wilmer J. Harris, Esq.
Sami N. Khadder, Esq.
Schonbrun DeSimone Seplow Harris & Hoffman LLP
715 Fremont Avenue
Suite A
South Pasadena, California 91030
Tel: (626) 441-4129
Fax: (626) 283-5770
wharris@sdshhlaw.com
skhadder@sdshhlaw.com
Attorneys for Plaintiffs United States of America *ex rel.* and Mark J. Brooks

Jonathan K. Tycko, Esq.
Andrea R. Gold, Esq.
Tycko & Zavareei LLP
2000 L Street, N.W.
Suite 808
Washington, D.C. 20036
Tel: (202) 973-0900
Fax: (202) 973-0950
jtycko@tzlegal.com
agold@tzlegal.com
Attorneys for Plaintiffs United States of America *ex rel.* and Mark J. Brooks

Kent A. Kawakami, Esq.
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Tel: (213) 894-4858
Fax: (213) 894-2380
Kent.kawakami@usdoj.gov
Attorneys for United States of America

Kamala D. Harris, Esq.
California Attorney General
Larry Raskin, Esq.
Deputy Attorney General
Office of the Attorney General
P.O. Box 944255
Sacramento, California 94244-2550
Tel: (916) 324-5501
Fax: (916) 323-6882
Larry.raskin@doj.ca.gov
Attorneys for the State of California

2643-010

[PROPOSED] PROTECTIVE ORDER RE
PRODUCTION OF CONFIDENTIAL INFORMATION         CV11-8152 GW (VBKx)